UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Miami Division

PATRICIA HUNTER, individually,

    Plaintiff,

vs.

OCEANIA CRUISES, INC.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, PATRICIA HUNTER, individually, sues Defendant, OCEANIA CRUISES, INC., a Corporation (hereinafter "OCEANIA") for damages.

## JURISDICTION AND VENUE

1. This is an action arising out of the admiralty jurisdiction of this Court.

2. Venue is proper in this District pursuant to 28 U.S.C. '1391(b) because Defendant, OCEANIA resides in this District and is engaged in and doing business in Miami-Dade County, Florida, with its worldwide headquarters, principal address, and principal place of business located at 7665 Corporate Center Drive, Miami, Florida, 33126.

3. In addition, jurisdiction and venue are proper against Defendant, OCEANIA, as the passenger ticket contract requires that this action be brought in the United States District Court for the Southern District in Miami-Dade County, Florida, U.S.A.

## THE PARTIES

4. Plaintiff PATRICIA HUNTER, is a resident of Williamson County, Texas, over the age of 18, and otherwise *sui juris*.

5. Defendant, OCEANIA, is a foreign corporation for profit, engaged in, and doing business in, Miami-Dade County, Florida, with its worldwide headquarters, principal address, and principal place of business located at 7665 Corporate Center Drive, Miami, Florida, 33126.

6. Defendant, OCEANIA, is a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports within the continental United States, including Miami, Florida. Defendant, OCEANIA, derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade County, Florida.

7. At all times material hereto, Defendant, OCEANIA, was the bare-boat charterer of a sea-faring passenger vessel and cruise ship, the *Regatta*.

## BACKGROUND

8. On or about DECEMBER 29, 2015, Defendant, OCEANIA owned, operated, managed, maintained, supervised, chartered, and/or controlled the vessel *Regatta*.

9. On or about December 29, 2015, Plaintiff, PATRICIA HUNTER was a fare-paying passenger aboard the OCEANIA vessel *Regatta*.

10. On or about December 29, 2015, Plaintiff, PATRICIA HUNTER, was walking through a doorway that separates the outside deck, from the ship's interior, near the vessel's *Terrace Café,* when without warning, he was caused to slip and fall after unknowingly being struck by the automatic electric sliding door she had intended to walk through, and she was then knocked into a table, placed near the doorway.

11. As a result of the fall, the Plaintiff suffered a severe gash/laceration to her head, rendering her immobile and in agonizing pain, and an eye, injury, and other injuries. The Plaintiff was taken to OCEANIA's infirmary, where he was treated for the pain. She was then removed from the ship, and taken ashore into Mexico, for further treatment.

12. As a result of the injury caused by the negligence of Defendant OCEANIA, Plaintiff PATRICIA HUNTER sustained permanent injuries.

13. At all times material, Defendant, OCEANIA, knew or should have known of the condition of the electric doors, and that the placement of tables near the doors, with sharp angles, (not round tables, but rather, square ones were placed in the area) was a foreseeably dangerous and latent condition, and OCEANIA failed to take adequate measures to correct it or warn passengers about it.

## COUNT I

## NEGLIGENCE

Plaintiff affirms and adopts paragraphs 1-13 as though fully set forth herein and further alleges that:

14. At all times material, Defendant, OCEANIA, owed a duty to its passengers, in particular to the Plaintiff, to exercise reasonable care, and maintain and operate its vessel, *Regatta,* in a safe condition and manner.

15. At all times material, Defendant, OCEANIA, knew or should have known, that the entrance/exit doorway leading to and from the outside deck, was unreasonably dangerous in that it had an electric sliding doorway, that would not stay in the open position long enough for pedestrians to walk safely through it, but rather, it closed on the plaintiff, with great force, knocking her into tables placed near the doorway, where she received a serious injury, and large gouges to her head/scalp.

16. At all times material, Defendant, OCEANIA, did not adequately warn or prevent passengers, including the Plaintiff, from walking through this doorway, even though it was aware of the aforementioned dangerous condition.

17. At all times material, and in particular on or about December 29, 2015, Defendant, OCEANIA, through its agents, employees, staff and/or representatives who were acting in the course and scope of their employment and/or agency with the Defendant, breached its duty of care to the Plaintiff and was negligent in one or more of the following ways:

  a. Failure to take reasonable care in maintaining and keeping the subject doorway and surrounding area in a reasonably safe condition;

  b. Creating a dangerous condition in the subject doorway and surrounding area of its vessel;

c. Failure to take reasonable care to maintain and keep the subject doorway and surrounding area of its vessel slip and/or skid free, and free of dangerous objects that might foresseable cause injury to a passenger, in the event the door closed on the passenger, and knocked him or her down;

d. Failure to take reasonable care to keep the subject door(s) and surrounding area of its vessel from becoming dangerous;

e. Failure to reasonably, prudently, and properly maintain the subject door(s) and surrounding area;

f. Failure to provide safe ingress and egress throughout the subject deck;

g. Failure to adequately warn passengers, including Plaintiff, of the hazardous condition of the deck/doorway of Defendant's vessel *Regatta* when Defendant knew or should have known of the existing hazard;

h. Failure to properly monitor the subject deck doors and surrounding area;

i. Failure to take reasonable care in the design and construction of the subject doors and surrounding area;

j. Failure to provide and/or maintain warnings in the subject area;

k. Failure to adequately warn passengers of the dangerous condition of the subject door and surrounding area;

l. Failure to remedy a hazardous condition of which it knew or should have known;

m. Failure to comply with required and/or accepted industry practices, standards, and codes;

      n. Failure to properly train and/or instruct personnel, such failure resulting in the creation and maintenance of a hazardous condition on the door(s) and surrounding area;

      o. Failure to adequately implement safety protocols, policies, and procedures for the maintenance of the subject door(s) and surrounding area;

      p. Otherwise failing to adequately maintain and keep its premises in a reasonably safe condition;

      q. All other acts or omissions constituting a breach of the duty to use reasonable care revealed through discovery.

18. As a direct and proximate result of the aforementioned acts, omissions, carelessness and negligence of the Defendant, Plaintiff, PATRICIA HUNTER, sustained serious and permanent injuries to her head, eyes, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, loss of past earnings, loss of future earnings, diminished earning capacity in the future, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

      WHEREFORE, Plaintiff, PATRICIA HUNTER demands judgment against Defendant OCEANIA CRUISES, INC, for damages in excess of the minimal jurisdictional limits of this Court, as well as pre and post-judgment interest to the extent allowed by law, attorneys' fees and costs to the extent allowed by law, and demands trial by jury of all issues so triable.

      DATED: December 29, 2016

Respectfully submitted

Alexander J. Perkins, Esquire
**PERKINS LAW OFFICES, P.A.**
Attorney for Plaintiff
14 NE 1st Ave., Suite 814
Miami, Florida 33132
Phone: (305) 741-5297
Fax: (855) 740-5297
Pleadings only: perkins@perkinslawoffices.com
Secondary email: beatriz@perkinslawoffices.com

By:  /s/ *Alexander J. Perkins*
Florida Bar Number: 0528977